𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BERNARD SMITH COMPANY AND OTHERS V. BERNARD.

March 13, 1919.

1. APPEAL AND ERROR—*Harmless Error—Instructions.*—Notwithstanding that some of the criticisms by appellants of instructions given by the trial court at the request of the appellee might be justified, it is unnecessary for the Supreme Court of Appeals to consider or discuss these alleged errors, where upon the undisputed facts of the case, the appellants failed to establish the defense set up by them so that upon proper instructions the appellee was entitled to recover in any event.

2. BILLS, NOTES AND CHECKS—*Failure of Consideration.*—In a proceeding by motion on a note by an assignee after maturity, who took it, therefore, subject to all of the equities between the original parties, defendants pleaded the general issue, and as grounds of defense alleged misrepresentations in the procurement of the note, and failure of consideration, making the defense authorized by section 28 of the negotiable instruments act. The consideration of the note was shares of stock of a corporation of which the defendants were stockholders. Defendants alleged that they were misled by false statements of the resources and liabilities of the corporation made by its manager from whom they purchased the stock and to whom the note was given.

*Held:* That the evidence did not sustain this defense. It was clear from the evidence that the defendants did not rely upon this statement, discredited it from the beginning, and made such investigation as they desired before the transaction was consummated, and subsequently thereto made a complete investigation into the affairs of the company, the results of which latter investigation they do not disclose. The burden of proof was upon defendants to establish the defense set up, which they failed to do.

Error to a judgment of the Circuit Court of city of Lynchburg, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Harrison & Long,* for the plaintiff in error.
*Caskie & Caskie* and *S. W. Williams,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

This is a proceeding by motion on a note drawn by the Bernard-Smith Company, payable with interest to J. B. Bernard, and endorsed by J. R. Muse and others, stockholders of the company, and by the payee, J. B. Bernard, who assigned it after maturity to S. M. Bernard, the plaintiff, who took it, therefore, subject to all of the equities between the original parties.

The defendants (except J. B. Bernard) pleaded the general issue, and as grounds of defense allege misrepresentations in the procurement of the note sued on, and failure of consideration, making the defense authorized by section 28 of the negotiable instruments act, which provides that "absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained or liquidated amount, or otherwise."

The consideration of the note was one-half of the purchase price of 125 shares of the stock of the Bernard-Smith Company, of the par value of $12,500 which was purchased for the corporation by the other stockholders for $6,250—that is, fifty cents on the dollar—of which one-half was paid in cash and the other half is represented by this note. There was a verdict and judgment in favor of the plaintiff for $3,125, subject to a credit of $675.

[1] The defendants complain of three instructions given by the court at the request of the plaintiff. While it may be true that some of the criticisms of these three instructions

are justified, still, in the view which we take of the case, it is unnecessary to consider or discuss these alleged errors, because we think that upon the undisputed facts of the case, the defendants clearly failed to establish the defense set up by them, so that upon proper instructions the plaintiff was entitled to recover in any event.

[2] The pertinent facts, as we understand them, omitting many details which do not affect our conclusion, are, that J. B. Bernard, who owned $12,500 out of a total of $23-000 of the capital stock of the company, and had been the active manager thereof for twelve months, made a statement of the resources and liabilities of the company to the stockholders at their annual meeting February 11, 1913. The entire defense is based upon this statement, and it is shown that there were several material errors in it. It further appears, however, that the other stockholders had been long dissatisfied with the management and progress of the business, and frankly discredited the statement. They clearly desired to eject Bernard from the management. At this meeting, although the statement indicated a surplus of $1,794.11, they suggested a receivership or an assignment, and to this Bernard replied that he would rather sell his stock at fifty cents on the dollar than to accept this suggestion. Certain of the discrepancies were then pointed out in the statement, all of the books and papers on which Bernard had made it up were exhibited to the stockholders and there was general dissatisfaction and failure to agree as to a future policy. This meeting adjourned without any action. There were two other meetings during the month of February, but no action taken for a settlement of thir differences, except that Muse, the president, and Bernard were appointed a committee to secure another manager. Bernard, however, made no effort to do so. During this time Bernard offered either to buy the remainder of the stock, or to sell all of his stock, at fifty cents on the dollar, but the other

stockholders declined to do either. After the third meeting adjourned without definite action, Bernard agreed with Muse to buy his twenty-five shares of stock at sixty cents on the dollar. After this and when Muse had gone to take a train, the other stockholders, at night, went to the house of J. B. Bernard and proposed to him to accept his proposition to buy his stock at fifty cents on the dollar. He replied informing them that he had just bought out Muse at sixty cents on the dollar, and that he could not consider their proposition unless Muse would release him from his contract. They then sought Muse at the station and induced him to release Bernard, and then, on the next day, Bernard sold his stock for the consideration above stated. There is no indication in the evidence that Bernard was anxious to sell, or sought to make the sale. Shortly after the defendants had taken charge of the business, they made a statement to a mercantile agency, showing that the capital stock of the company was unimpaired. They also employed an expert accountant to examine the books of the company, but they failed to produce this accountant as a witness at the trial, or to show the results of his investigation. They took charge of the business and at the time of the last trial, three years after the transaction, the corporation was still a going concern.

The defendants' case is based upon the claim that they were misled to their damage by the statement of resources and liabilities above referred to, but in our opinion, the evidence fails to sustain this defense, and it is perfectly clear from the evidence that the defendants did not rely upon this statement, discredited it from the beginning, and made such investigation as they desired before the transaction was consummated, and subsequently thereto made a complete investigation into the affairs of the company, the results of which latter investigation they do not disclose. The burden was upon them to establish the defense set up, and they have utterly failed to do so.

*Affirmed.*